THE WASHINGTON LIFE INSURANCE COMPANY, Respondent, *v.* AUGUSTUS CLASON, Appellant, Impleaded with Others.

1. INSURANCE LAW — LOAN BELOW STATUTORY STANDARD MADE BY A DOMESTIC INSURANCE COMPANY NOT A DEFENSE TO MORTGAGOR. An offer of a mortgagor to prove, under his answer in foreclosure, that at the time the mortgagee, a domestic insurance company, made him the loan on his premises they were incumbered and were not worth fifty per centum more than the loan, presents no defense to the action, although the Insurance Law (L. 1892, ch. 690, § 13, amd. L. 1893, ch. 112, amd. L. 1893, ch. 725, § 16), in the interest of policyholders, prescribes that standard for such loans, as the statute does not expressly prohibit such a corporation from investing in anything except insurance stocks; and no implica

tion, 'that an investment below the standard is prohibited by the statute and is, therefore, void, should be imported to assist the borrower to escape payment.

*Washington Life Ins. Co.* v. *Clason,* 16 App. Div. 434, affirmed.

(Argued February 15, 1900; decided March 27, 1900.)

APPEAL from a judgment and order of the Appellate Division of the Supreme Court in the first judicial department, entered May 13, 1897, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*L. Laflin Kellogg* and *Alfred C. Petté* for appellant. The bond and mortgage in suit having been taken in direct contravention of the statutes authorizing loans by life insurance companies, are void and no recovery can be had thereon. (L. 1892, ch. 690, §§ 16, 36; *Arnot* v. *P. & E. C. Co.,* 68 N. Y. 558; *Peck* v. *Burr,* 10 N. Y. 294; *S. C. Bank* v. *King,* 44 N. Y. 87; *Melchoir* v. *McCarty,* 31 Wis. 252; *Pratt* v. *Short,* 79 N. Y. 437; *Pratt* v. *Eaton,* 79 N. Y. 449; *N. Y. S. L. & T. Co.* v. *Helmer,* 77 N. Y. 64; *Vil. of Fort Edward* v. *Fish,* 156 N. Y. 363; *Leavitt* v. *Palmer,* 3 N. Y. 19; *Talmage* v. *Pell,* 7 N. Y. 328; *Tracy* v. *Talmage,* 14 N. Y. 162.)

*George M. Thomson* for respondent. The alleged "defenses" are entirely without merit. (L. 1892, ch. 690, §§ 17, 18, 36, 53; *Bowery Bank* v. *Gerety,* 153 N. Y. 415; *Thompson* v. *St. Nicholas Bank,* 146 U. S. 240.) The appellant is estopped from asserting the defense of *ultra vires.* (*W. A. Co.* v. *Barlow,* 63 N. Y. 62; *R. L. R. Co.* v. *Roach,* 97 N. Y. 378; *D. M. Co.* v. *Roeber,* 106 N. Y. 473; *Mayor, etc.,* v. *Sonneborn,* 113 N. Y. 423; *Seymour* v. *S. F. C. Assn.,* 144 N. Y. 333; *B. G. L. Co.* v. *Claffy,* 151 N. Y. 24; *S. N. Co.* v. *Weed,* 17 Barb. 378; *Nat. Bank* v. *Matthews,* 98 U. S. 621; *G. M. Co.* v. *National Bank,* 96 U. S. 640; *McBroom* v. *S. I. Co.,* 153 U. S. 326.)

LANDON, J.   The complaint is in the usual form for the foreclosure of a past-due mortgage given February 26, 1896, by the defendant Clason to the plaintiff to secure the payment of the defendant's bond of the same date for $20,000 and interest, which sum the plaintiff then loaned to the defendant.

The plaintiff is a domestic life insurance corporation.

Upon the trial, after the plaintiff had made out a *prima facie* case, the defendant offered to prove under the allegations of the answer that at the time of the making of the loan secured by the bond and mortgage the premises mortgaged were incumbered, and not worth fifty per centum more than the amount loaned thereon.

The trial court held that this constituted no defense, and sustained plaintiff's objection to the offer.   The correctness of this ruling is challenged by this appeal.

The Insurance Law (Chapter 690, section 16, Laws of 1892, as amended by chapter 112, Laws of 1893) provides:

" The cash capital of every domestic insurance corporation required to have a capital to the extent of the minimum capital required by law, shall be invested and kept invested in the kinds of securities in which deposits with the superintendent of insurance are required by this chapter to be made.   The residue of the capital and the surplus money and funds of every domestic insurance corporation over and above its capital, and the deposit that it may be required to make with the superintendent, may be invested in or loaned on the pledge of any of the securities in which deposits are required to be invested or in the public stocks or bonds of any one of the United States, or except as herein provided, in the stocks, bonds or other evidence of indebtedness of any solvent institution incorporated under the laws of the United States or of any state thereof, or in such real estate as it is authorized by this chapter to hold; but no such funds shall be invested in or loaned on its own stock or the stock of any other insurance corporation."

Section 13 of the same chapter, as amended by chapter 725, Laws of 1893, provides:

"Every deposit made with the superintendent of insurance by any domestic or foreign insurance corporation shall be in the stocks or bonds of the United States or of this state, not estimated above their current market value, or in the bonds of a county or incorporated city in this state, authorized to be issued by the legislature, not estimated above their par value nor their current market value, or in bonds and mortgages on improved, unincumbered real property in this state, worth fifty per centum more than the amount loaned thereon."

The statute does not declare that loans made upon incumbered real estate, or upon real estate not worth fifty per centum more than the amount loaned thereon shall be void, nor does it expressly forbid them as it does investments in insurance stock, but the defendant's argument is that such loans are by implication prohibited, and are, therefore, void. Why make only one express prohibition if more are intended? This prohibition was added to section 16 by the amendment of 1893.

· The manifest-intent of these provisions is to add to the protection of policyholders in insurance companies by requiring the companies to invest the moneys entrusted to their care in securities of unquestionable soundness, certainly not to withdraw such protection and bestow such moneys upon borrowers by invalidating the investment whenever the security should prove to be below the prescribed standard.

The defendant contends that since the corporation has none but conferred powers, and as the power to invest in a security below the prescribed standard is not conferred upon the plaintiff, the power is denied. If the state should make this argument in the proper action, it might be difficult for the plaintiff to answer it, but the defendant is not the sovereign. The state may complain that the mortgage is not up to the standard, without asserting that it is not good for what it purports to be. If we place the defendant in the shoes of the state he would have no better position. Regard being had to the manifest intent of the statute, we can import nothing into it to aid the defendant contrary to that intent, and cannot

imply a penalty against the plaintiff for the benefit of the defendant, and if necessary we should resort to strict construction to exclude such implication.

The plaintiff has loaned its money to the defendant upon the mortgage, and the defendant seeks to escape from the obligation into which he voluntarily entered to obtain the loan.

The statute permits the plaintiff to invest in mortgages of the prescribed standard. Whether real estate is already incumbered is a fact which a reasonably diligent inquiry may fail to disclose. Whether it is worth fifty per centum more than the amount for which it is to be mortgaged is a matter of opinion; subsequent facts may show that the mortgagee was mistaken in fact or in opinion. Public policy does not require that such a mistake shall be punished by depriving the mortgagee of the security the mortgage is adequate to afford. The penalty due to iniquity is not in such a case visited upon mistake or misfortune. Thus we can understand why the express prohibition was not extended to mortgages but only to insurance stocks. The defendant's offer did not charge iniquity or exclude mistake or misfortune, and, therefore, was properly overruled. ( *Whitney Arms Co.* v. *Barlow*, 63 N. Y. 62; *Rider Life Raft Co.* v. *Roach*, 97 ib. 378; *Diamond Match Co.* v. *Roeber*, 106 ib. 473; *Mayor* v. *Sonneborn*, 113 ib. 423; *Bath Gas Light Co.* v. *Claffy*, 151 ib. 24.)

In *Bath Gas Light Co.* v. *Claffy* (*supra*) the contract was void against the state, and was of such a character that VANN, J., in a dissenting opinion, declared it contrary to public policy. If it had been still executory, no doubt the court would have refused to enforce it. But it had been executed and the defendant had enjoyed its benefit. The court, in effect, held that public policy in cases of *ultra vires*, in the absence of positive restriction or inherent vice, does not tempt to dishonesty or reward it, but looks at the situation in all its phases and exacts the justice which the final situation requires, viewed in the light of all the causes leading to it and the consequences to follow from it.

The United States Supreme Court, as the opinion of the learned Appellate Division shows, in cases like this upholds the contract, holding that it is for the government and not for the defendant, who seeks to escape from his obligation, to challege the act of the creditor. (*National Bank* v. *Matthews*, 98 U. S. 621; *National Bank* v. *Whitney*, 103 ib. 99.)

Contracts immoral in their nature or prohibited by statute, or declared illegal or void, or made in the exercise of a power expressly denied, are of course void, and the courts will not aid either party to them. (*Pratt* v. *Short*, 79 N. Y. 437; *Pratt* v. *Eaton*, Ib. 449; *N. Y. State Loan and Trust Co.* v. *Helmer*, 77 ib. 64.)

Certainly not if executory. (*Village of Fort Edward* v. *Fish*, 156 N. Y. 363.)

Such cases are clearly distinguishable from the one before us.

The defendant also offered to prove that the sum of $500 was paid to a director of the plaintiff for the procuring of the loan from the plaintiff and as a consideration therefor. No offer was made to show that the plaintiff participated in this alleged offense of the director or that the consideration moved to it.

The offer was properly overruled.

The judgment and order should be affirmed, with costs.

PARKER, Ch. J., GRAY, O'BRIEN, HAIGHT, CULLEN and WERNER, JJ., concur.

Judgment and order affirmed.