THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Respondent, *v.* MELVIN STEPHENS et al., Appellants.

Lease — provision in lease, for term of years, for lessee to purchase premises at appraised value and for appointment of appraisers to fix such value — action to compel specific performance of such provision — when landlords may not plead as a defense that the contract to purchase was ultra vires on the part of the lessee corporation.

Plaintiff, a life insurance company, is the assignee of a lease which provides upon a certain contingency for the appointment of appraisers by the parties to make an appraisal of the leased premises and that the lessee shall have an option to purchase at the appraised value. The lessee made improvements under the terms of the lease,

and brings this action to compel specific performance of .the pro-
vision relative to appraisal without having exercised its option to
purchase. *Held,* that as the defendants have recognized the plain-
tiff as their tenant and have accepted performance of the contract
from it, they should not be permitted to plead its act as *ultra vires,*
under section 20 of the Insurance Law (Cons. Laws, ch. 28), to avoid
performing their part of the agreement, certainly not without first
paying or offering to pay the value of the improvements. If the
corporation has exceeded its powers it is solely for the state to
challenge the act. *Held, further,* that the plaintiff cannot, while
failing to exercise its option to purchase, remain free to refuse per-
formance on its part and resort to equity to compel the specific
performance of the agreement to appoint appraisers.

*Mutual Life Ins. Co.* v. *Stephens,* 164 App. Div. 942, reversed.

(Argued February 23, 1915; decided April 13, 1915.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the first judicial depart-
ment, entered October 30, 1914, which affirmed an order
of Special Term granting a motion by plaintiff for
judgment on the pleadings.

The action is brought to compel specific performance of
a provision of a lease for the appraisal of the leased
premises. On the 28th of February, 1896, Anson P.
Stephens, the life tenant, and all persons having any
interest in the remainder, vested or contingent, executed
a lease of 71 William street to Helen L. Phelps Stokes
for a term of forty years from the 1st day of May, 1897, at
an annual rental of $8,000. The lessee was to be permit-
ted "to alter, enlarge, improve, remove, destroy or rebuild
said premises in such manner and to such an extent as she
may desire," and was to pay the Croton water rent, all
regular taxes, and one-half of any assessment that might
be imposed on the premises, and was to keep the building
on the premises insured, make needful ordinary repairs,
and comply with all laws and ordinances relating to the
premises and all orders and regulations of the building
or other municipal departments. The lease also provided,

as far as material, that within one year after the receipt of notice by the lessee of the death of the life tenant the value of the demised premises, together with whatever improvements may then exist thereon, exclusive of any improvements made by the lessee, should, if the lessee desired, be appraised by two appraisers, one to be appointed by a majority of the then owners of the property, and the other by the lessee, with power to appoint a third in case they could not agree, and that the lessee should for six months after such appraisal have the option of purchasing the premises at the appraised value. By mesne assignments the plaintiff, a domestic life insurance corporation, on the 31st day of December, 1901, became, and has since remained, the owner of the lease, all the terms of which were complied with by the lessee and her assignees down to the time of the commencement of this action. The life tenant died on the 13th day of December, 1912, and on the 17th of October, 1913, the plaintiff notified the defendants, the remaindermen, that it elected to have the value of the premises appraised together with whatever improvements might exist thereon exclusive of any improvements made by the said Stokes or her successors or assigns, but the defendants refused to appoint an appraiser.

The answer alleges, as a defense, that the plaintiff is the owner in fee of all the other property in the block in which said premises are situated; that it maintains its principal office in a part or portion of one of the buildings standing upon the premises so owned and leases the remainder to lessees who are disconnected from it in business; that the premises in question are not occupied by the plaintiff, and are not requisite for its convenient accommodation in the transaction of its business.

Two questions are certified, viz.: 1. Does the complaint state facts sufficient to constitute a cause of action ? 2. Is the defense consisting of new matter contained in the answer sufficient in law upon the face thereof ?

*Eugene D. Boyer* and *Charles Strauss* for appellants. A corporation cannot compel the specific performance of a contract to convey to it land, which under the law it has no power to take. (*Case* v. *Kelly*, 133 U. S. 21; *Chamberlain* v. *Chamberlain*, 43 N. Y. 424; *Matter of McGraw Estate*, 111 N. Y. 66; *South & North Alabama R. R. Co.* v. *Highland Ave. & Belt R. R. Co.*, 119 Ala. 105; *Wilks* v. *Georgia Pacific R. R. Co.*, 79 Ala. 180; *Pacific R. R. Co.* v. *Seely*, 45 Mo. 212; *Bank of Michigan* v. *Niles*, 1 Doug. [Mich.] 401; *Scott* v. *Farmers' Nat. Bank*, 66 S. W. Rep. 485.) The complaint fails to set forth facts sufficient to constitute a cause of action. (*Case* v. *Kelly*, 133 U. S. 21; *Chamberlain* v. *Chamberlain*, 43 N. Y. 424; *Wilks* v. *G. P. R. R. Co.*, 79 Ala. 180; *Ancient City Sportsmen's Club* v. *Miller*, 7 Lans. 412; *Matter of New York Sabbath Committee*, 44 Misc. Rep. 422; *Miles* v. *Dover F. I. Co.*, 125 N. Y. 294; *Met. Concert Co.* v. *Abbey*, 20 J. & S. 97; *Greason* v. *Keteltas*, 17 N. Y. 491; *Levine* v. *Dietz*, 194 N. Y. 376; *Sharkey* v. *Larken*, 52 N. Y. 623.) The separate defense pleaded by the defendants raises an issue of fact, and, therefore, it was error to grant the plaintiff's motion for judgment on the pleadings. (*Case* v. *Kelly*, 133 U. S. 21; *Kelly* v. *People's Transportation Co.*, 3 Oreg. 189; *Rensselaer & Saratoga R. R. Co.* v. *Davis*, 43 N. Y. 137; *Matter of New York Central & Hudson River R. R. Co.*, 77 N. Y. 248; *Bank of Michigan* v. *Niles*, 1 Douglas, 401; *Matter of New York & Canada R. R. Co.* v. *Gunnison*, 1 Hun, 496; *Matter of New York & Harlem R. R. Co.* v. *Kip*, 46 N. Y. 546.) The defendants are not estopped from asserting the plaintiff's incapacity to purchase the premises involved. (*Jacobus* v. *Jamestown Mantel Co.*, 211 N. Y. 154; *Stewart* v. *L. I. R. R. Co.*, 102 N. Y. 601; *Sayles* v. *Kerr*, 4 App. Div. 150; *Crowley* v. *Gormley*, 59 App. Div. 256; *Ranger* v. *Bacon*, 3 Misc. Rep. 95; *Case* v. *Kelly*, 133 U. S. 21; *Associate Presbyterian Congrega-*

*tion of Hebron* v. *Hanna*, 113 App. Div. 12; *People ex rel. John Single Paper Co., Ltd.,* v. *Edgcomb*, 112 App. Div. 604; *Mutual Life Ins. Co.* v. *Corey*, 135 N. Y. 326.)

*Murray Downs* and *Frederick L. Allen* for respondent. The complaint states facts sufficient to constitute a cause of action. (*R. C. Society* v. *City of New York*, 73 App. Div. 607; *G. M. Co.* v. *B. B. Co.*, 206 N. Y. 528; *Jacobs* v. *M. R. I. Co.*, 212 N. Y. 48; *Boswell* v. *S. M. L. I. Co.*, 193 N. Y. 465; *Adam* v. *M. L. I. Co.*, 204 N. Y. 357; *Richmond Co. S. P. C. C.* v. *City of N. Y.*, 73 App. Div. 607; *Tonart* v. *Jett*, 169 Ala. 638; *U. S. Mortgage Co.* v. *McClure*, 42 Oreg. 190; 197 U. S. 624; *N. I. R. M. Co.* v. *Roemo*, 105 La. Ann. 439; *N. & L. R. R. Co.* v. *B. & L. R. R. Co.*, 157 Mass. 268; *Blackwood* v. *Lansing C. C.*, 144 N. W. Rep. 823; *City of Niles* v. *B. H., S. J. R. & L. Co.*, 154 Mich. 378; *Meholin* v. *Carlson*, 17 Idaho, 742; *Coleridge Creamery Co.* v. *Jenkins*, 66 Neb. 129; *Glendale Lumber Co.* v. *Beekman Lumber Co.*, 152 Mo. App. 386.) The defense consisting of new matter is insufficient in law upon the face thereof. (*W. L. Ins. Co.* v. *Clason*, 162 N. Y. 305; *Home Ins. Co.* v. *Head*, 30 Hun, 405; *Levy* v. *Mutual Life Ins. Co.*, 54 Hun, 315; *Bank* v. *North*, 4 Johns. Ch. 370; *Spear* v. *Crawford*, 14 Wend. 20.) Except in cases where the rights of the public are involved, the plea of *ultra vires*, whether interposed for or against a corporation, will not be allowed to prevail when it will not advance justice, but will accomplish a legal wrong. (*Washington L. I. Co.* v. *Clason*, 162 N. Y. 305; *Bath G. L. Co.* v. *Claffy*, 151 N. Y. 24; *Coleridge Creamery Co.* v. *Jenkins*, 66 Neb. 129; *Harris* v. *Gas Co.*, 76 Kans. 750; *Springer* v. *C. R. E. L. Co.*, 202 Ill. 17; *Banks* v. *Poitinaux*, 24 Va. [3 Rand.] 136; *Seymour* v. *S. & S. G. M.*, 153 U. S. 523; *Railroad Co.* v. *Railroad Co.*, 196 Penn. St. 452; *Camden St. R. R. Co.* v. *M. L. R. R. Co.*, 48 N. J. L. 530; *Woodruff* v. *E. R. R. Co.*, 93 N. Y. 609; *Mayor* v. *Soneborn*, 113

N. Y. 423; *Diamond Match Co.* v. *Roeber,* 106 N. Y. 473; *Rider L. R. Co.* v. *Roach,* 97 N. Y. 378; *Whitney Arms Co.* v. *Barlow,* 63 N. Y. 62.)   The separate defense does not offer restitution.   (*Appleton* v. *C. C. Nat. Bank,* 190 N. Y. 417; 210 U. S. 196; *R. R. Co.* v. *R. R. Co.,* 196 Penn. St. 452; *Harris* v. *Gas Co.,* 76 Kans. 750; *Bowers* v. *O. A. & G. Corp.,* 110 App. Div. 691; *Seymour* v. *S. F. C. Assn.,* 144 N. Y. 341.)   The plaintiff is entitled to the relief prayed for in the complaint. (*Livingston* v. *Sage,* 95 N. Y. 289.)   Plaintiff is entitled to specific performance.   (*Smith* v. *Rector, etc.,* 107 N. Y 610; *Greason* v. *Keteltas,* 17 N. Y. 491; *Van Buren* v. *Wotherspoon,* 12 App. Div. 421; 22 App. Div. 628; 164 N. Y. 368; *Weir* v. *Barker,* 104 App. Div. 112; *Wurster* v. *Armfield,* 175 N. Y. 256; *Smith* v. *Cooley,* 5 Daly, 401; *Van Rensselaer* v. *Penniman,* 6 Wend. 569; *Dunnell* v. *Keteltas,* 16 Abb. Pr. 205; *Conger* v. *Ensler,* 85 App. Div. 564.)

MILLER, J.   We shall assume for the purposes of this appeal that the statute (Insurance Law, section 20) does not authorize the plaintiff to acquire and hold the said real property.   It now has an estate for years in the property and the question arises whether a court of equity will aid it to acquire the fee.   If the agreement were wholly executory the answer to that question would not be doubtful.   (*Chamberlain* v. *Chamberlain,* 43 N. Y. 424; *Matter of McGraw,* 111 N. Y. 66; *Case* v. *Kelly,* 133 U. S. 21.)   But it has been so far executed that it is impossible to restore the parties to their original situation. Improvements have been made on the faith of the agreement and presumably the plaintiff will lose the value of its investment in whole or in part unless the agreement is carried out.   The defendants have recognized the plaintiff as their tenant and have accepted performance of the contract from it.   They should not now be permitted to plead its *ultra vires* act to avoid performing their part

of the agreement, certainly not without first paying or offering to pay the value of the improvements. (*Appleton* v. *Citizens' Central National Bank*, 190 N. Y. 417.)

The record does not disclose under what circumstances or for what purpose the plaintiff acquired the lease. We assume that it exceeded its corporate powers. But the act was not *malum in se*, nor does the statute expressly prohibit the acquisition of real property by insurance corporations for any purpose. On the contrary, it authorizes such corporations to purchase, hold and convey real property, but only for certain enumerated purposes. The acquisition of the lease by the plaintiff, assuming that it was not acquired for one of the enumerated purposes, was unlawful only in the sense that it was *ultra vires*. As the Insurance Law stood when the plaintiff acquired the lease, it could hold such real property indefinitely " as shall have been acquired for the accommodation of its business." (Laws of 1892, chapter 690, section 20.) But as the act was amended by chapter 326 of the Laws of 1906 it is required to sell and dispose of such property within five years after acquiring title unless it shall be necessary for its accommodation in the convenient transaction of its business, or unless it shall procure a certificate from the superintendent of insurance extending the time during which it may hold the same. If the property is not necessary for the plaintiff's accommodation in the convenient transaction of its business, it will be for the superintendent of insurance to see that the statute is complied with precisely as would be the case if, instead of acquiring a lease, it had taken a mortgage which it had to foreclose. The option to purchase must be exercised now, if at all. Neither public policy nor good morals require that the plaintiff shall be burdened with a lease without having the privilege to exercise the right thereby given to acquire the fee, and it is of no concern to the defendants who exercises that right. It is not for them to enrich themselves because the plaintiff may have exceeded

its corporate powers, but it is solely for the state to challenge the plaintiff's *ultra vires* act. (*Bath Gas Light Co.* v. *Claffy*, 151 N. Y. 24; *Washington Life Ins. Co.* v. *Clason*, 162 N. Y. 305; *Appleton* v. *Citizens' Central National Bank, supra; National Bank* v. *Matthews*, 98 U. S. 621; *Seymour* v. *Slide & Spur Gold Mines*, 153 U. S. 523.)

However, the plaintiff has not yet determined whether to exercise its option to purchase, and the suit is really one to compel the specific performance of a merely incidental provision of the contract for the appraisal of the property, which will be useless if the plaintiff decides not to purchase. True, an appraisal may aid the plaintiff to decide the question, and the parties stipulated that the lessee was to have six months after the appraisal to make its decision; but, aside from other objections, if the provision for an appraisal is of such substance that a court of equity will entertain jurisdiction of a suit merely to compel its enforcement, it is so substantial a part of the contract as that it must be enforced in the manner agreed upon, namely, by the appointment of an appraiser by each party, with power to choose a third if they disagree; and yet courts will not compel parties to name appraisers who may nullify the decree by refusing to serve. (*Greason* v. *Keteltas*, 17 N. Y. 491.) There have been numerous cases in which the courts have decreed specific performance of agreements in leases to renew at a rental value to be fixed by appraisers chosen by the parties or to convey the premises at its value to be fixed in like manner. But in such cases the provision for an appraisal has been regarded as incidental and subsidiary to the substantive part of the agreement; and so the party refusing to name an appraiser has not been heard to complain of not having the appraisal made in the way agreed upon; but, treating the method as a matter of form rather than substance, the courts have by a reference or otherwise deter-

mined the value for the purpose of enforcing the contract according to its real spirit and purpose. (See *Kelso* v. *Kelly*, 1 Daly, 419; *Van Beuren* v. *Wotherspoon*, 12 App. Div. 421; *Weir* v. *Barker*, 104 id. 112; *Grosvenor* v. *Flint*, 20 R. I. 21; *Kaufmann* v. *Liggett*, 209 Penn. St. 87, *Castle Creek Water Co.* v. *City of Aspen*, 146 Fed. Rep. 8.) In such cases the appraisal has been made as a mere incident to the main relief granted, *i. e.*, the enforcement of the agreement to sell or renew.

There is a further objection to the maintenance of this suit. The general rule is now thoroughly established in this state that a contract must be mutual in its remedy to warrant a decree for its specific performance. (*Wadick* v. *Mace*, 191 N. Y. 1; *Levin* v. *Dietz*, 194 N. Y. 376.) We do not say that there may not be exceptions to that rule, but a very cogent reason should exist to justify an exception. Unlike the contracts involved in those cases, the lease in suit was not a unilateral contract, and it has been so far performed that the parties cannot be restored to their original positions. The defendants, however, could not have the remedy of specific performance either to compel an appraisal or to compel the plaintiff after an appraisal to exercise its option to purchase. The only reason that occurs to me for requiring an appraisal in advance of the determination by the plaintiff to purchase is that one is necessary to enable the plaintiff to make its decision. But if that be so, the provision for an appraisal must be such an essential part of the contract that it can be enforced if at all only in the manner agreed upon. If it is a mere matter of form, the plaintiff can decide as well before as after an appraisal whether it desires to purchase the property.

However, it is not essential that the mutuality of remedy shall exist at the inception of the contract. Owing to the defendants' refusal to name an appraiser, the plaintiff's time to exercise its option has not expired. It may still elect to purchase and thus supply the missing quality

of mutuality of remedy, which will entitle it to a specific performance. (See *Smith* v. *Rector, etc., St. P. Church,* 107 N. Y. 610; *Van Beuren* v. *Wotherspoon,* 164 N. Y. 368, 378; *Wurster* v. *Armfield,* 175 N. Y. 256; *Woodruff* v. *Woodruff,* 44 N. J. Eq. 349.) It cannot resort to equity for the specific performance of an agreement and remain free to refuse performance on its part.

The orders of the Appellate Division and Special Term should be reversed, with costs in Appellate Division and in this court, and the motion denied, with ten dollars costs, and both questions certified should be answered in the negative.

HISCOCK, CHASE, COLLIN, CARDOZO and SEABURY, JJ., concur; WILLARD BARTLETT, Ch. J., absent.

Orders reversed, etc.