Young, J.:
The action is to recover compensation for use and occupation of certain premises owned by the plaintiff under the terms of a lease to defendant for the quarter from June 5, 1919, to September 4, 1919.
The premises are located in that part of the city of Bayonne, N. J., known as Constable Hook, and include upland and land under water, comprising forty-five and forty-five one-thousandths acres.
All of the essential allegations of the complaint, excepting the rental value, are admitted by the defendant’s answer.
On June 5, 1889, the plaintiff, by a lease under seal, let to one Sheehan — and Sheehan assigned the lease to Robert H. Sayre, who later assigned it to defendant — the premises in question, “ with all the appurtenances for the term of sixty years from the fifth day of June, 1889, the rental to be payable in equal quarterly payments in advance.”
The annual rent for the first twenty years (1889-1909) was *370 fixed by the lease at $4,250. The lease then provides that the annual rental for the succeeding twenty years (1909-1929) should be fixed by arbitrators. A similar arbitration was to be had to determine the rental for the last twenty years of the term (1929-1949).
When the time came for fixing the rental for the second twenty years (1909-1929), the plaintiff and the defendant railroad company modified the original lease by a written agreement providing that the arbitrators should fix the rental for the succeeding forty years in ten-year periods, instead of the twenty-year periods provided by the lease, and the arbitrators fixed the rental at $7,500 per year.
No award fixing the rent for the ten-year period from June 5, 1919, to June 5, 1929, was ever made or delivered. Under the terms of the agreement this award was to have been made during the last half of 1918. It appears that this arbitration failed because the arbitrators appointed by the respective parties could not agree on an award or an umpire.
To meet such a situation the lease provided as follows: <l If for any cause a valid award fixing rentals shall not be made and delivered at or within the times above limited then the landlord may recover by action from time to time at law or in equity a fair quarterly compensation for the use and occupation of the demised premises.”
On the 6th day of June, 1919, plaintiff commenced this action to recover for the use of the premises from June 5, 1919, to September 5, 1919, claimed to be due and payable by the terms of the lease on June fifth of that year.
Plaintiff’s experts fixed the value of the premises at $1,238,737.50 and $1,351,350, and the rental value seven per cent and six per cent thereof, or $21,677.91 and $20,270.25, respectively, a quarter. Defendant’s experts fixed $513,168 as the value of the premises and a rental value of five per cent, or $6,414.60 a quarter.
The learned trial court denied defendant’s motion to dismiss the complaint made at the close of the evidence and submitted to the jury the sole question as to the value of the rental for the quarter in question.
The jury rendered a verdict for plaintiff for $13,139.28 with interest, which seems to be seven per cent on a valuation of $750,816, upon which judgment was entered. From such judgment, as well as from an order denying defendant’s motion for a new trial, defendant appeals.
Appellant contends in substance that this action is in the nature of the statutory action for use and occupation; that it cannot be maintained because there is neither allegation nor proof of such use *371 and occupation, and that having been begun before the expiration of the quarter sued for, it is. prematurely brought. It is also insisted that such an action for use and occupation is the form of action intended by the clause of the lease in question; that the parties did not intend to give a court of law jurisdiction to fix rent under the lease, because that is the subject of equitable cognizance, and that the parties did not intend to evolve any new or extraordinary remedy.
The effect of appellant’s argument is that if plaintiff desired to sue at law, his action would be the statutory one for use and occupation; but if he desired to have the rental fixed, he could maintain a suit in equity, and the court could substitute itself for the arbitrators.
The language of the -clause in question lends some plausibility to this contention, because it contains the same words as the statute (Real Prop. Law, § 220), “ compensation for the use and occupation ” of the premises. But this clause in terms also permits the landlord to recover for use and occupation in equity as well as at law. Of course, an action for use and occupation is legal and not equitable. Appellant’s construction is, therefore, only possible if we add the words “ or rental ” after “ use and occupation.”
I think, however, a fair construction of this clause in the lease is that upon the failure of arbitration the landlord might sue to recover a fair rental for any quarter pursuant to the terms of the lease. It should be read in conjunction with other parts of the instrument. Its purpose was simply to provide a means of fixing the rental which under the terms of the lease was payable in advance. The employment of the words “ use and occupation ” cannot in my opinion alter this construction. They are, I think, equivalent to the words “ rent ” or “ rental.” Rent of land is compensation for its use and occupation, or the right thereto. The right of action given by the clause in question is simply to recover the fair amount of .such rent pursuant to the lease. Such an actioh is plainly at law. No equitable relief is necessary. This case, therefore, differs from those cases where upon failure of arbitration under a lease providing for a renewal at a rental to be fixed by arbitrators, a court of equity may enforce specific performance of the agreement to renew and as an incident thereto fix by a reference or otherwise the fair rent for the renewed term. (Weir v. Barker, 104 App. Div. 112; Mutual Life Ins. Co. v. Stephens, 214 N. Y. 488, 496.)
In those cases a court of equity alone would have jurisdiction to enforce performance. No such situation has arisen here. No renewal of the lease is sought to be enforced, because none is necessary. .It is, therefore, competent for a court of law to give judgment *372 for the rent due, even though unliquidated. This action is not different in this respect from any other action at law where recovery is sought under a contract, and the actual amount due is determined by a jury.
The reason for permitting a suit in equity for the same purpose is not readily apparent. It may have been inserted for greater precaution. A suit in equity would not lie if the remedy at law were adequate. But it is unnecessary to determine this question, because, in my opinion, this action at law was proper.
It appears, however, that appellant commenced a suit in the New Jersey Court of Chancery against the respondent to fix the rental for the entire ten-year period and sought to enjoin the prosecution of the case at bar on the ground that plaintiff could not maintain it; but that court held that respondent could not be thus enjoined and that the selection of this forum by respondent was entirely permissible under the terms of the lease. (Lehigh Valley R. R. Co. v. Andrus, 91 N. J. Eq. 225.)
I do not think there was any error in the ruling of-the trial court in the case at bar as to what ivas included in the demised premises, nor as to the method of assessing the value thereof. The lease provided that in fixing rentals the arbitrators should consider the rental value of the premises, excluding the cribbing, piers and structures. Appellant sought to show the value of various other improvements such as an ore dock, deep water channel, etc., but this evidence was excluded. The trial court confined defendant to an inquiry as to the value and rental value of the premises excluding the cribbing, etc., mentioned in the lease, except that defendant was also allowed to show the full value of the property. Appellant has no just ground for complaint as to these rulings. The lease specified what improvements should be excluded in determining the rental value. Other improvements were, therefore, properly included as a part of the demised premises.
Appellant contends that the trial court erred in admitting proof of a sale of neighboring property. A juror had inquired about the assessed value of the demised premises, and defendant called as a witness its general land and tax agent, who testified that the land was assessed at $141,600 and improvements $250,000. Plaintiff thereupon, on cross-examination, sought to show the assessed valuation and the true value of this adjoining property as shown by a contract of sale in order to establish that the assessed values were not correct, and the trial court held this proper.
I think this evidence was incompetent for any purpose. It appears, however, that this sale was to be made for $2,737,153.75 for 143,862 acres, or a little less than $20,000 an acre. This is *373 about the same price per acre given by defendant’s experts for the demised premises, $900,900 for 45.045 acres. I do not see, therefore, how it could have harmed defendant.
The judgment and order should be affirmed, with costs.
Present — Kelly, P: J., Rich, Jaycox, Manning and Young, JJ.
Judgment and order unanimously affirmed, with costs.