GEORGE S. VAN SCHAICK, Superintendent of Insurance of the State of New York, as Rehabilitator of LAWYERS MORTGAGE COMPANY, Appellant, *v.* MANHATTAN SAVINGS INSTITUTION, Respondent.

Argued November 19, 1936; decided December 31, 1936.

*Abraham J. Halprin* for appellant. The transaction alleged in the complaint is illegal and not *ultra vires.* (*Gardner* v. *People*, 62 N. Y. 299.) A violation of section 20 of the Insurance Law (Cons. Laws, ch. 28) being a misdemeanor, the contract performed pursuant thereto is void and no rights can be acquired under such a contract. (*Sirkin* v. *Fourteenth St. Store*, 124 App. Div. 384; *Duval* v. *Wellman*, 124 N. Y. 156; *Pittsburgh Carbon Co.* v. *McMillin*, 119 N. Y. 46; *Porter* v. *Williams*, 9 N. Y. 142; *Hurd* v. *Kelly*, 78 N. Y. 588; *Fosdick* v. *Investors Syndicate*, 266 N. Y. 130.) The contract in respect to the purchase of the property is separate and distinct from the agreement pursuant to which the guaranteed mortgages were acquired by the defendant. Even if they be considered as part and parcel of one contract, that portion thereof which is legal is not affected by the other portion of the contract that is illegal. (*Norwalk* v. *Marcus*, 235 App. Div. 211; 261 N. Y. 615; *Hoover Steel Ball Co.* v. *Schaefer Ball Bearings Co.*, 90 N. J. Eq. 164; *Atwater* v. *Stromberg*, 77 N. W. Rep. 963; *Knight* v. *Jeff Davis Banking Co.*, 120 S. E. Rep. 696; *Jackman* v. *Continental Nat. Bank*,

16 Fed. Rep. [2d] 728; *Goldwyn Loan & Investment Corp.* v. *Weinfeld,* 144 Misc. Rep. 159; *Richards* v. *Wiener Co.,* 207 N. Y. 59.) Plaintiff's cause of action is at law for money had and received and not in equity for rescission, and the tender made was, therefore, sufficient. (*Chapman* v. *Forbes,* 123 N. Y. 532; *National Surety Co.* v. *Manhattan Mortgage Co.,* 185 App. Div. 733; 230 N. Y. 545; *Bank of United States* v. *National City Bank,* 123 Misc. Rep. 801.)

*John J. Cunneen* for respondent. Defendant made no agreement to sell the real estate to the mortgage company; made no sale to the mortgage company and the moneys defendant received on the sale were not moneys of the mortgage company. (*Clews* v. *Jamieson,* 182 U. S. 461; *Richards* v. *Wiener Co.,* 207 N. Y. 59; *Fraw Realty Co.* v. *Natanson,* 261 N. Y. 396; *Natelson* v. *A. B. L. Holding Co.,* 260 N. Y. 233.) Even if the defendant made a conveyance directly to the mortgage company and if such mortgage company violated the law in purchasing the real estate, the conveyance would not be void but only voidable and the sovereign State alone could object thereto. (*Mutual Life Ins. Co.* v. *Stephens,* 214 N. Y. 488; *Silver Lake Bank* v. *North,* 4 Johns. Ch. 370; *Fritts* v. *Palmer,* 132 U. S. 282; *Burden* v. *Burden,* 159 N. Y. 287; *Kerfoot* v. *Farmers & Merchants Bank,* 218 U. S. 281; *Brown* v. *Schleier,* 112 Fed. Rep. 577; 194 U. S. 18; *Long* v. *Georgia Ry. Co.,* 91 Ala. 519.) Before action brought there was no tender to plaintiff of a conveyance of the property. (*E. T. C. Corp.* v. *Title G. & T. Co.,* 271 N. Y. 124; *Youngman* v. *Smadbeck,* 64 Misc. Rep. 60; *Cornwell* v. *Sanford,* 222 N. Y. 248; *Miles* v. *Casualty Co. of America,* 203 N. Y. 453.) Assuming plaintiff's theory that the purchase of the guaranteed mortgages was conditioned upon sale of the real estate to the mortgage company and that the contract might possibly be rescinded, plaintiff should have tendered back the money paid for the guaranteed mortgages before he can claim a rescission. (*Francis* v. *N. Y. & B. Elev. R. R. Co.,* 108 N. Y. 93; *Cox* v. *Stokes,*

156 N. Y. 491; *Cobb* v. *Hatfield*, 46 N. Y. 533; *New York State Loan & Trust Co.* v. *Helmer*, 77 N. Y. 64.)

LEHMAN, J. The defendant bank purchased from Lawyers Mortgage Company, a corporation organized under the Insurance Law (Cons. Laws, ch. 28), two guaranteed mortgages aggregating about $177,000. The purchase was made by the defendant through a broker. The broker, to induce the purchase, told the president of the defendant bank that he believed that, if the defendant bank would agree to purchase the mortgages, he could arrange to sell for the bank a piece of real property which the bank had purchased upon a foreclosure sale. In accordance with an agreement arrived at after negotiations through the broker, the bank purchased the mortgages and sold a piece of property which it owned for $76,500. The real property was transferred to Terrace Realty Corporation. The broker who arranged the transaction was the president of that corporation, but he acted throughout the transaction, both in the sale of the guaranteed mortgages to the bank and in arranging for the purchase of the real property from the bank, as agent for the Lawyers Mortgage Company; and Terrace Realty Company held title to the real property only for the benefit of the bank. Fourteen thousand dollars of the purchase price of that property was paid in cash. That money was paid by the Terrace Realty Company to the bank, but Lawyers Mortgage Company promptly gave the Terrace Realty Company its check for the same amount.

Section 20 of the Insurance Law provides:

" Restrictions as to real property. Every insurance corporation transacting business in this state may purchase, hold and convey real property only for the following purposes and in the following manner:

" 1. The building in which it has its principal office and the land upon which it stands.

" 2. Such as shall be requisite for its convenient accommodation in the transaction of its business.

" 3. Such as shall have been acquired for the accommodation of its business.

" 4. Such as shall have been mortgaged to it in good faith by way of security for loans previously contracted or for moneys due.

" 5. Such as shall have been conveyed to it in satisfaction of debts previously contracted in the course of its dealings.

" 6. Such as shall have been purchased at sales upon judgments, decrees or mortgages obtained or made for such debts.

" 7. Such as shall have been acquired under sections sixteen and seventeen of the general corporation law."

It is undisputed that the real property which the defendant bank sold was not purchased for any of the purposes authorized by this section of the Insurance Law. The Superintendent of Insurance has taken possession of the assets and business of Lawyers Mortgage Company as rehabilitator. Because Lawyers Mortgage Company has no right to purchase or hold the property sold by the defendant bank, the Superintendent of Insurance seeks the return of the purchase price paid for the property. The complaint alleges that " the plaintiff herein notified the defendant of his intention to rescind such sale, and has offered and is ready to reconvey to the defendant the aforesaid premises, and to pay to the defendant all of the moneys received in the operation of said property, as well as the brokerage commissions paid by the defendant, and to account to the defendant for all moneys received in the operation of said premises."

There can be no doubt that Lawyers Mortgage Company was the actual purchaser of the real property from the defendant bank and that it had no right to make such purchase even though it acted through a dummy corporation. In that purchase it used the moneys of the corporation for a purpose not permitted by law. The plaintiff maintains that this was not merely an *ultra vires* act, but a violation of statute which renders the corporation,

as well as the officers who authorized that violation, guilty of a misdemeanor under section 29 of the Penal Law. (*Gardner* v. *People*, 62 N. Y. 299, but cf. *Mutual Life Ins. Co.* v. *Stephens*, 214 N. Y. 488.) Upon the trial the complaint was dismissed at the close of the plaintiff's evidence. The trial judge assumed that the evidence showed that the defendant knew that it was selling the real property to the Lawyers Mortgage Company. He did not decide whether the plaintiff might rescind the agreement of purchase, made through its agent, with the bank, provided it at the same time offers to restore the defendant to the same position it occupied when the agreement was made. The defendant is ready to rescind the sale by it to the Lawyers Mortgage Company and to repay $14,000 it received, provided the purchase by it of the two guaranteed mortgages from Lawyers Mortgage Company be rescinded at the same time, and the purchase price of $177,000, which it paid to Lawyers Mortgage Company, be returned to it. The ground of dismissal of the complaint was that purchase of the mortgages and sale of the real property constituted a single transaction and that there can be no rescission of a part of the transaction.

Assuming as the trial judge did that the defendant bank knew that it was selling the real property to the plaintiff through a dummy, there can be no doubt that the defendant became a party to a transaction not permitted by law. Assuming further, without so deciding, that the law prohibited the transaction and made it illegal and not merely *ultra vires*, the Lawyers Mortgage Company was certainly at least as guilty as the defendant bank, and, therefore, could not itself rescind the transaction.

The plaintiff, indeed, concedes in his brief that Lawyers Mortgage Company would not itself have had a right to rescind an executed sale on that ground. He maintains, however, that when he takes possession of the business and assets of a corporation organized under the Insurance Law, he represents not only the corporation but the creditors of the corporation, and that acting for the

creditors he may rescind illegal transactions of the corporation which the corporation itself could not rescind. (*Porter* v. *Williams*, 9 N. Y. 142; *Pittsburg Carbon Co.* v. *McMillin*, 119 N. Y. 46; *Duval* v. *Wellman*, 124 N. Y. 156.)

Whatever right the plaintiff may have to rescind an illegal transaction of the Lawyers Mortgage Company, rescission of the contract and demand for the return of the consideration paid by the corporation under the contract must, it is plain, be accompanied by return, or offer to return, the consideration which Lawyers Mortgage Company received under the same contract. The bank stipulated that purchase by it of the mortgages and sale by it of the real property should be dependent on each other. In this case the mortgage company received and retains the sum of $177,000 for guaranteed mortgages which may or may not be worth that amount. So long as it retains that money it has no right to demand the return of $14,000 which it paid to purchase real property which may or may not be worth the purchase price.

The plaintiff urges that he cannot return to the bank the sum of $177,000 which the defendant paid for the purchase of guaranteed mortgages without in effect giving the defendant a preference over holders of other mortgages guaranteed by the Lawyers Mortgage Company, and that under these circumstances the court should sever the illegal part of the transaction, to wit, the sale of the real property, from the legal part of the transaction, to wit, the purchase of the guaranteed mortgages. In *Norwalk* v. *Marcus* (235 App. Div. 211; affd., 261 N. Y. 615) enforcement was refused of an illegal provision for the repurchase by a corporation of its corporate stock which had been inserted in a contract of sale of that stock which was otherwise valid. There rescission of the entire contract and return of the purchase money paid to the corporation would have the same effect as enforcement of the illegal provision for repurchase and thus would defeat the policy of the law in forbidding a corporation from making a contract to repurchase its stock except out

of surplus. (Cf., also, *Hoover Steel Ball Co.* v. *Schaefer Ball Bearings Co.*, 90 N. J. Eq. 164.) The court, then, refused to grant any relief to one guilty party against another guilty party. Here the plaintiff is asking relief from the court, and the severance of the legal from the illegal would place Lawyers Mortgage Company and its creditors in a better position than if the contract had not been made. The company would retain part of the fruits of the illegal transaction, the fruits of its own wrong, and the defendant would not be put in the same position as it occupied before the transaction.

For these reasons the judgment of the court below should be affirmed, with costs.

CRANE, Ch. J., O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Judgment affirmed.