CASSIDY ET AL. *v.* MONTGOMERY WARD & CO., INC.

[No. 27,349.   Filed February 10, 1940.]

*Oliver Starr,* and *Draper & Draper,* all of Gary, for appellants.

*Wildermuth, Force & Barr,* of Gary, for appellee.

ROLL, J.—This action was brought by appellants against appellee for a declaratory judgment praying for a judicial construction of Section 22 of a certain lease theretofore entered into between the parties.

On February 14, 1934, appellants, as landlord, and appellee, as tenant, entered into a certain written lease under which appellee shortly thereafter took possession of the first floor portion and most of the basement of a business property located on Broadway in the city of Gary, Indiana. Appellants reserved to themselves, by said lease, the second floor portion of said building together with a portion of the basement. The lease in question contained a clause numbered 22, wherein it was provided that the appellee, as tenant, might, at its election, include as a part of the demised premises, that portion of the building reserved to appellants as above stated. Said section 22 undertook to provide a method by which a fair rental value of the additional space could be fixed in the event of the inability of the parties to agree upon the amount. About one year after taking possession of the premises, appellee undertook to exercise the rights claimed to be reserved to it under Section 22. Appellants took the position that Section 22 did not entitle appellee to take the additional space, and refused to surrender it to appellee, but instead, filed this suit for a declaratory judgment wherein the construction and validity of Section 22 was sought. In the meantime, it retained said additional space in the building.

Section 22 of the lease reads as follows:

"The Tenant may at its election upon one year or more written notice to the Landlord of its desire to do so, include as a part of the demised premises the entire second floor of the building now standing thereon for all uses and purposes as though originally demised unto said Tenant at the time of

the execution and delivery of this lease. The Landlord agrees that upon the exercise by the Tenant of its right to include the second floor of said building as a part of the demised premises, it will within one (1) year after the date of the Tenant's election deliver to said Tenant complete and exclusive possession of said second floor. If the Landlord and Tenant are unable to agree upon the fair rental value of the additional space above described on or before ninety (90) days prior to the date upon which the Landlord is to deliver possession of said additional space as in this paragraph above provided, then the Tenant may by written notice to the Landlord require that the amount be arbitrated in the following manner: The Landlord and the Tenant shall each, within thirty (30) days thereafter, select an arbitrator who shall be a disinterested person with reasonable knowledge and experience relative to the subject to be arbitrated. The two arbitrators thus selected shall immediately thereafter select a third arbitrator who shall likewise be a distinterested person having reasonable knowledge and experience relative to the subject to be arbitrated. The three arbitrators so chosen shall meet promptly after the appointment of the third arbitrator and shall act as a committee to determine the fair rental value of the said additional space. Should either party fail to appoint an arbitrator, within thirty (30) days after receipt of written notice requesting arbitration, to determine the fair rental value of the additional space, then the other party may appoint two arbitrators and the two arbitrators thus appointed shall select a third arbitrator. Should any of the arbitrators fail or refuse to act, substitutes may be appointed by the Board of Appraisal of the National Association of Real Estate Boards, or any successors to such organization, upon application of either party. Within thirty (30) days of the appointment of said arbitrators, a decision of the majority as to the fair rental value of the additional space shall be reported in writing separately to both the Landlord and the Tenant, and the Tenant at its election, within thirty (30) days there-

after, may include said additional space at the fair rental value thus determined.

"If the Tenant elects to include said additional space as a part of the demised premises, then the fair rental value so determined by arbitration shall be added to the sum of Six Thousand Dollars ($6,000.00) as specified in Paragraph 21 hereof and such total sum shall be substituted throughout said Paragraph 21 for all of the purposes contained therein and such fair rental value shall also be added to the sum of Eight Thousand Dollars ($8,000.00) as specified in Paragraph 28 and such total sum shall be substituted throughout said Paragraph 28 for all of the purposes contained therein. Except for the increase in the amounts of Six Thousand Dollars ($6,000.00) and/or Eight Thousand Dollars ($8,000.00) as the case may be, all of the terms and provisions of said Paragraphs 21 and 28 shall remain in full force and effect including the right of the Tenant to elect to pay the stated minimum annual rental plus the arbitrated fair rental value for such additional space so as to nullify any notice of cancellation by the Landlord.

"In all other respects, such fair rental value shall be disregarded and shall not be considered as an increase of any sort in the rate of rental to be paid by the Tenant for the use of such additional space, as, if the Tenant elects to so include such additional space in the demised premises, then the rent to be paid for the use of such additional space shall be a percentage rent equal to two-fifths (2/5) of two and one-half per cent (2½) of the gross retail sales (less exchanges, allowances, returns, mail-order sales and sales taxes) made by it in such additional space during each lease year. All such percentage rent for the additional space shall be computed and paid in the same manner and subject to the same terms and conditions as provided for herein in Paragraph 20 with references to the payment of percentage rent for the use of the balance of the premises demised hereby.

"If the Tenant elects to exercise the right herein above given and granted unto it to include the

entire second floor of the building now standing thereon as a part of the demised premises, the space in the basement of said building now used as a boiler and fuel storage room, approximately the North Forty (40) feet of the East Twenty (20) feet of said basement, shall simultaneously with the delivery of said second floor space, as herein-above provided, become a part of the demised premises for all uses and purposes as though originally demised unto said Tenant at the time of the execution and delivery of this lease."

The pleadings need not be noted except to remember that appellee by its cross-complaint asks for immediate possession of the additional space under the terms of said Section 22.

The trial court held Section 22 of the lease valid, and gave appellee judgment for immediate possession of the additional space which it had sought.

It is shown by the record that the lease was dated February 14, 1934, and during that year appellee expended approximately $51,000.00 in making the first floor and basement suitable for its purposes.

On September 17, 1935, appellee, acting under the provisions of Section 22, exercised its option to include the second floor in the demised premises by giving notice thereof to appellants, which notice fixed October 1, 1936, as the date on which appellants should deliver possession of the second floor.

Appellants and appellee were unable to agree upon the amount of rent appellee should pay for the additional space, and so, on June 24, 1936, appellee gave appellants notice that it was demanding that appraisers be appointed to fix and determine the amount of rent it should pay for the additional space, and requested appellants to appoint an appraiser. Appellants responded to this notice on July 21, 1936, and informed appellee

that they had named John M. Fox as their appraiser, but without prejudice to their rights to litigate the validity of Section 22 of the lease. Appellee appointed its appraiser on July 22, 1936. The two appraisers appointed a third. The appraisers determined the amount of rent appellee should pay for the additional space, and made their report to both parties on October 30, 1936. On November 25, appellee notified appellants of its acceptance of the appraisers' decision. On January 5, 1937, appellee demanded immediate possession of the additional space, but suggested in its notice that if to give immediate possession would seriously inconvenience them, it would be willing to extend the time until February 15, 1937. All questions presented by appellants' motion for a new trial, except reasons four and five thereof, are waived. These two reasons are, (4) the decision of the court is not sustained by sufficient evidence, and (5) the decision of the court is contrary to law.

Under propositions and authorities, appellants discuss the following points. First, that Section 22 of the lease is void for uncertainty, and second, Section 22 is void because it is lacking in mutuality.

Appellee finds no objections to appellants' abstract statement of law under proposition one, to the effect that, if the parties have expressed their agreement in such ambiguous and uncertain terms as to make it impossible to ascertain any definite meaning, the agreement is void. We agree with this statement of the law. In contending that the provisions of Section 22 are void for uncertainty, appellants say in their brief:

"It will be noted that this section of the lease, eliminating the portions thereof which have nothing to do with the question, provides first as fol-

lows: 'The tenant may at its election upon one year or more written notice to the Landlord of its *desire* to do so, include as a part of the demised premises the entire second floor.' The foregoing language of the section obviously has to do only with the *desire* of the tenant to include the additional portions of the building, and might furnish the basis upon which possession is to be delivered in the event that no dispute arises as to the rental value of the additional space.

"The lease then further provides that the Landlord must, within one year after the exercise by the tenant of its *right* to include the second floor, deliver possession thereof to the tenant. It is to be noted that the first two sentences of this section deal with entirely different subjects, the first being the expression of the tenant's *desire* to include the second floor, and the second having to do with the exercise of the tenant's *right* to include the second floor. The lease does not provide that possession of the second floor shall be delivered within one year from the expression of the tenant's *desire* to include it but says that possession of the second floor shall be delivered within one year after the election by the tenant of its *right* to include. the second floor. In the light of what follows, it is evident that the two sentences so far construed are inconsistent, each with the other.

"The lease then further provides that if the Landlord and Tenant are unable to agree upon the fair rental value on or before ninety (90) days prior to the date *upon which the Landlord is to deliver possession of said additional space,* an arbitration or appraisal to determine the fair rental value of the additional space may be had in the manner outlined in Section 22. It is apparent, therefore, that should the tenant express his desire to include the additional space, and should a dispute arise as to the fair rental value, the tenant has not up to that time exercised any right which it may have to include the additional space, and no time has in any way been fixed for the delivery thereof, and in fact no election to take the additional space has been made by the tenant, and he is under no obligation to make it.

"This portion of the section is, therefore, meaningless for the reason that the date upon which the Landlord is to deliver possession has never been fixed and it follows that a date ninety (90) days prior thereto has never been fixed and is impossible to determine. As a matter of fact, the tenant not having made any election and not being under any duty to make an election to take the premises, the date upon which the premises shall be delivered and the date ninety days prior thereto may never arrive. The time for the tenant's 'election to take,' and in fact the question as to whether or not the tenant will ever elect to take, depends upon the appraisal. The time for the appraisal depends upon the tenant's 'election to take,' and in fact the question as to whether or not the tenant will ever elect to take, depends upon the appraisal. The time for the appraisal depends upon the tenant's 'election to take.' Each depends on the other, and the time for neither is independently fixed. The term reserved insofar as the additional space is concerned has no time for beginning, and as soon as it becomes apparent that an appraisal is necessary, it also becomes apparent that the term for the additional space may never begin. The tenant's *desire* to include the additional space does not amount to an exercise of its right to take. It cannot take or exercise its right to take until after the appraisal. It cannot have an appraisal until after the time for making the same has been fixed by the exercise of its right to take." The first part of Section 22 provides that:

"The tenant *may* at its *election* upon one year or more written notice to the Landlord of its desire to do so, include as a part of the demised premises the entire second floor of the building. . . . The Landlord agrees that upon *the exercise* by the tenant *of its right* to include the second floor of said building, . . . it will within one year after the date of *the Tenant's election* deliver to said Tenant complete and exclusive possession of said second floor."

It seems clear to us that the word *election,* as used in this paragraph, means and refers to the acts of the

tenant in notifying the Landlord that it desired to rent the second floor. This act is designated as the tenant's election to lease the additional space. According to the contract, appellants agreed to deliver possession of said additional space to appellee within one year from the date of said notice, whether the parties agree upon the rent or not. If they can agree, appellants concede that no question would arise. In the event the parties cannot agree upon the rent, provisions are made by which the fair rental value would be determined. The parties had no difficulty in following the procedure outlined by Section 22. Appraisers were appointed by both parties, and they in turn selected a third. The three determined upon the amount of rent to be paid appellants by appellee for the additional space, and then appellee exercised the right given it under said section, to decide whether or not it would take over the second floor and pay the amount of rent agreed upon and fixed by the appraisers. The right to decide whether it would include the second floor in the demised premises after the amount of rental was fixed by the appraisers is clearly and unmistakably given appellee by the terms of Section 22. It may be that appellants now feel that to give appellee such an option was a mistake on their part. If so, it is their responsibility and of no concern of this court. As we read the contract, Section 22 is not void for ambiguity or uncertainty.

On the second proposition appellants contend that the provision in Section 22 which gives the right to the tenant to decide, after the appraisers make their report, and appellee knows how much rent it would pay if it included the second floor in its demised premises, rendered the contract void for

lack of mutuality. We do not think that is true. The option to lease the additional floor space was a valuable right to appellee, and formed a material part of the consideration for the entire contract. If the parties so desired to make such a provision in their lease, and give the tenant the right to decide whether it would include the additional space and pay the additional rent, or continue its business with the floor space already leased, and save the additional rent after the amount of the rent had been determined by appraisers, we can see no reason why such a contract is not perfectly legal and binding. In all options the party may or may not exercise its right to buy. Indeed, it is easy to understand the advantage such a provision would be to the tenant. That, however, is no reason for holding the lease void.

Appellants cite and rely upon the case of *Mutual Life Insurance Company* v. *Stephens*, 214 N. Y. 488. We have read this case with care, and we do not think it decides the question here involved. In that case the plaintiff occupied land under a lease from a life tenant and a remainderman, which lease provided that within one year after receiving notice of the life tenant's death, the lessee should have the option to have the premises appraised by three appraisers and should then have the option, for six months after the appraisal, to purchase the premises at the appraised value. After the life tenant's death, the lessee elected to have the premises appraised, but the defendants refused to appoint an appraiser. The lessee sued for specific performance of the provision regarding the appointment of appraisers without having elected to purchase the premises at the appraised value, and the Court held that the plaintiff could not have a decree of specific

performance and remain free to nullify the decree by electing not to purchase the premises. The court went on to say:

"However, it is not essential that the mutuality of remedy shall exist at the inception of the contract. Owing to the defendants' refusal to name an appraiser, the plaintiff's time to exercise its option has not expired. It may still elect to purchase, and thus supply the missing quality of mutuality of remedy, which will entitle it to a specific performance."

If the above case is in point at all, it would seem to support appellee's position in that appellee had exercised his option to lease before this suit was brought, and is now in the same position the plaintiff, in the Stephens case, *supra,* would be in, provided he exercised his option, and then brought his action for specific performance. The result reached in the Stephens case, *supra,* might be correct, but this court is not impressed with the reasoning of the court.

We find no reversible error.

Judgment affirmed.

NOTE.—Reported in 25 N. E. (2d) 235, 129 A. L. R. 766.