■ AARON BERKOWITZ et al., Respondents v. IRVING BERKOWITZ, Appellant.— In an action for specific performance of a stockholders' agreement, and for other relief, the appeal is from an interlocutory judgment which decreed (1) that respondents were to receive from appellant his corporate stock and to pay therefor a price to be fixed in the final judgment based upon an appraisal to be made by an appraiser and an accountant appointed by the Official Referee in the judgment appealed from, (2) that respondents be allowed 10 days within which to elect to accept the stock at the price so fixed, and (3) that if respondents failed to accept the stock at this price, judgment be entered dismissing the complaint. Judgment reversed on the

law, with costs, and complaint dismissed, with costs. The findings of fact are affirmed. The stockholders' agreement provided that in the event the parties failed to agree upon an appraiser, the corporation was to be dissolved. It is undisputed that the parties had not agreed upon an appraiser. The learned Official Referee had no authority to appoint an appraiser in view of the procedure for dissolution which the parties had stipulated would be followed upon failure to agree. This was the procedure which appellant properly adopted pursuant to the stockholders' agreement. Wenzel, Murphy and Kleinfeld, JJ., concur; Beldock, J., concurs, with the following memorandum: The agreement between the parties required the purchase price of the stock to be determined within 80 days from the date of the offer to purchase the stock, otherwise the selling stockholder could notify the other stockholders of the amount claimed by the seller to be the value of his stock. Respondents exercised their option to purchase on October 31, 1955. The 80-day period within which the purchase price was to be determined expired January 19, 1956. It was not until January 23, 1956 that respondents, for the first time, sent appellant the accountant's findings. It is because of this failure on the respondents' part to act within the time required that appellant had the right to set a price for the value of his stock and, on failure to pay, had the right to call for dissolution. Nolan, P. J., dissents and votes to modify the interlocutory judgment by eliminating all the provisions thereof which direct or provide that further proceedings shall be had before the Official Referee, and by substituting therefor appropriate provisions for further proceedings before the Special Term, and by deleting those portions of the judgment which provide that respondents shall have a right of election, after the entry of final judgment, to receive or to refuse to receive, the shares of stock which are the subject of the action, and to affirm the judgment as so modified. Having found on sufficient evidence that appellant had wrongfully and arbitrarily refused to consent to the appointment of an appraiser, as provided by the contract between the parties, and that the appraisal provision of the contract was incidental or subsidiary to the substantive part of the contract which provides for the sale of the stock, the Official Referee was justified in directing specific performance of the agreement to sell and in providing that the value of the stock should be determined by the court. (Cf. *Matter of Fletcher*, 237 N. Y. 440.) It was error, however, to provide in the judgment that respondents, who sought performance of the contract, should have an additional option to purchase, after determination of the price to be paid. (*Mutual Life Ins. Co.* v. *Stephens*, 214 N. Y. 488.)