RAYDURE v. LINDLEY et al.

TIPTON v. SAME.

(Circuit Court of Appeals, Sixth Circuit. April 2, 1918.)

Nos. 3067, 3069.

1. MINES AND MINERALS ⬩58—OIL AND GAS LEASE—VALIDITY.

An oil and gas lease, granted in consideration of $1 actually paid, under which the lessee covenanted to complete a well within one year or to pay 10 cents per acre yearly in advance for each additional year that such completion was delayed, and further covenanted to pay the lessor one-eighth of all oil produced, is not invalid, during the first year or within a reasonable time during which an implied covenant to commence operations under penalty of forfeiture may be enforced, either by reason of the smallness of the consideration or the reservation of a right to the lessee to surrender the lease for cancellation on payment of $1.

2. DEEDS ⬩49—EXECUTION—VALIDITY.

A deed calling for execution by three persons as grantors, and deposited, together with the purchase price, with a third party, after its execution by two of them, to await the other signature, is incomplete as to all, and a later deed to another person, executed and delivered by the three grantors, will have priority.

3. DEEDS ⬩49—EXECUTION—VALIDITY—WAIVER OF CONDITION.

Where the condition that a deed should be executed by three persons as grantors was imposed, not merely by the grantee, but by the two grantors who executed the instrument, the grantee cannot complete his title by waiving execution by the third grantor or taking possession of the land, though such third grantor had no legal interest in the property.

⬩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeals from the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Suit by John W. Lindley and others against W. S. Raydure, in which Thomas Tipton intervened. There was a decree for complainants (239 Fed. 928), and defendant and Thomas Tipton severally appeal. Affirmed.

F. A. Baldwin, of Bowling Green, Ohio, Hugh Riddell, of Irvine, Ky., and Ed. C. O'Rear, of Frankfort, Ky., for appellants.

A. R. Burnam, Jr., of Richmond, Ky., O. B. Harris, of Sullivan, Ind., and R. W. Smith, of Irvine, Ky., for appellees.

Before KNAPPEN, MACK, and DENISON, Circuit Judges.

MACK, Circuit Judge. The facts in this case are fully set forth in the opinion of Judge Cochran (D. C.) 239 Fed. 928. We add thereto but one additional fact; that, while the certificates of the record of the Raydure leases postdated those of appellees, Raydure's leases were the first to be lodged for record. The evidence establishes, however, that Raydure had actual knowledge of the Huntsman leases when the leases to him were executed.

[1] 1. We concur in Judge Cochran's conclusion on the principal legal question before us, that in Kentucky an oil and gas lease, granted in consideration of $1 actually paid, under which the lessee covenants to complete a well within one year or to pay 10 cents per acre yearly in advance for each additional year that such completion is delayed, and further covenants to pay to the lessor one-eighth of all oil produced, is not invalid during the first year or within the reasonable time during which an implied covenant to commence operations under penalty of forfeiture may be enforced, either by reason of the smallness of the consideration or the reservation of the right of the lessee on payment of $1 to surrender the lease for cancellation.

His able and exhaustive exposition of the reasons therefor, and his critical analysis of the cases in Kentucky and elsewhere bearing thereon, render any further discussion superfluous. We add only that the very recent opinion in Dinsmoor v. Combs, 177 Ky. 740, 198 S. W. 58, does not touch the questions before us.

2. Judge Cochran's opinion on questions of facts was oral; it suffices to say that we concur in his conclusions, based on an examination of the witnesses in open court, that the provision in appellees' lease from Tipton for a royalty of 8 per cent. as printed in the form lease, instead of one-eighth of the oil produced, as verbally agreed upon, was due, not to any fraud, but to a mutual mistake of fact based upon Huntsman's honest belief that the provisions were equivalent, and that reformation of the instrument, as decreed, is the proper relief.

[2, 3] 3. We concur, too, in Judge Cochran's conclusion that title to the surface of the Pitts property is in appellees. A deed calling for execution by three persons as grantors and deposited together with the purchase price, with a third party after its execution by two of them, to await the other signature, is incomplete as to all of them; a later deed to another person, executed and delivered by the three grantors, will have priority. The evidence justifies the conclusion that this

condition was imposed, not merely by the grantee, but by the two grantors who executed the instrument; that they did not intend the deed to be complete until the third grantor, by executing it, indicated his assent to the transaction. Under these circumstances, the grantee could not complete his title by waiving execution by the third grantor or taking possession of the land, even though this third grantor had no legal interest in the property.

Decree affirmed.