ROLLER v. WEIGLE et al.

(Court of Appeals of District of Columbia. Submitted October 10, 1919. Decided November 3, 1919.)

No. 3250.

1. SPECIFIC PERFORMANCE ⇐=10(1)—ENFORCING PART OF CONTRACT.
   If an essential part of a contract cannot be specifically enforced, specific performance will not be granted of the remainder.

2. SPECIFIC PERFORMANCE ⇐=10(1)—ENFORCING PART OF CONTRACT; ESSENTIAL PART.
   Relative to whether there can be specific performance of the part of a contract that defendant should transfer to plaintiff part of the stock of a corporation, all of which was to be bought by defendant, the provision requiring the personal services of plaintiff, the only one with practical experience in the business, as managing director and secretary-treasurer, is an essential part of the contract.

3. SPECIFIC PERFORMANCE ⇐=73—CONTRACT FOR PERSONAL SERVICES.
   The provision of a contract requiring personal services by one of the parties cannot be specifically enforced.

4. SPECIFIC PERFORMANCE ⇐=6—MUTUALITY OF REMEDY.
   Specific performance will not be decreed, where the remedy is not mutual; that is, where defendant could not have enforced the part of contract for personal services by plaintiff, because of its nature, plaintiff cannot have enforced the part for transfer of stock, unless he has performed the services; it not being enough that he alleges that he has always been ready and now tenders performance.

5. ACCOUNT ⇐=12—EQUITY JURISDICTION; REMEDY AT LAW.
   The prayer, in suit for specific performance, for accounting, because of plaintiff being deprived of his salary under the contract, will not be granted; an action at law for damages furnishing ample remedy, and the prayer erroneously presupposing the contract could be specifically enforced.

---

⇐=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the Supreme Court of the District of Columbia.

Suit by Harry Roller against William E. Weigle and another. Bill dismissed, and plaintiff appeals. Affirmed.

E. A. Jones, of Washington, D. C., for appellant.

Paul E. Lesh, of Washington, D. C. (Wilson, Huidekoper & Lesh, of Washington, D. C., on the brief), for appellees.

SMYTH, Chief Justice. This is an appeal from a decree of the lower court, dismissing a bill filed by the appellant for a specific performance of a contract between himself, Weigle, and one Schumacher (who is not a party to the suit), for an accounting, and other relief. The material parts of the contract are: That the owners of the capital stock of the appellee corporation offered to sell the same; that the parties to the contract agreed amongst themselves that they would purchase it; that Weigle was to receive 50 shares, Roller 40 shares, and Schumacher 10 shares of the stock; that Weigle, if necessary, was to lend to Roller and Schumacher the money required to pay for their respective shares; that Roller, as managing director of the corporation, was to receive a weekly drawing account of $50, and Weigle, as supervising director, was to receive $25 a week; that the parties to the contract were to be directors of the corporation; that Weigle was to be president, Schumacher vice president, and Roller secretary-treasurer; and that the salary of each was to be fixed at each meeting of the corporation before the dividends should be declared.

The bill alleges that Weigle refused to be bound by the contract, and had secretly acquired, either solely or jointly with others, the control of the capital stock, and that the appellant is ready and willing to perform his part of the agreement. The bill prays:

"That a decree be passed herein directing the defendant G. L. Huske Optical Company to transfer on the books of the defendant company, out of the stock standing in the name of the defendant William E. Weigle, or otherwise held by him, forty (40) shares thereof to the plaintiff, the said forty (40) shares, when so transferred, to be held by the said William E. Weigle in accordance with the terms of said agreement, * * * as collateral security for the repayment to the said William E. Weigle out of the dividends accruing on said stock of the amount or sum of money paid by the said William E. Weigle for said forty (40) shares, and in the decree so passed the plaintiff be declared to be the owner of said forty (40) shares of stock as of the date of the acquisition thereof by the said William E. Weigle."

It further prays that Weigle be required to account to the plaintiff for all damages sustained by him by reason of having been deprived of the office and salary secured to him by the terms of the agreement, and that a money decree for the amount thereof be entered.

[1, 2] The contract does not specifically provide that Roller was to be managing director of the corporation, but it is clear from its terms that it was the intention of the parties that he should be, since it says that "as managing director of the corporation" he "shall receive a weekly drawing account of $50." He was also to be secretary-treasurer, and was to receive a salary which was to be fixed at each

meeting of the corporation before the dividends should be declared. According to the allegations of the bill, he was an experienced and successful optometrist. It does not appear that either of the other parties to the contract had any experience in that line. He, then, was to be the practical man in charge of the business, and his performance of the duty of managing director, as well as that of secretary-treasurer, was manifestly an important consideration for the contract made by Weigle. It is part of the contract, and cannot be separated from the rest without changing the agreement in an essential particular, and equity "will not interfere to enforce part of a contract, unless that part is clearly severable from the remainder." Marble Co. v. Ripley, 10 Wall. 339, 359 (19 L. Ed. 955); Pantages v. Grauman et al., 191 Fed. 317, 323, 112 C. C. A. 61. In determining, therefore, whether or not this contract can be specifically enforced, we must consider as an essential part of it the provisions requiring the personal services of Roller as managing director and secretary-treasurer.

[3, 4] If Weigle was here asking for a specific performance by Roller of that part of the contract which requires his personal services, we could not grant him relief, because equity will not decree specific performance of a contract for such services. "It would be intolerable if a man could be compelled by a court of equity to serve another against his will; * * * courts of equity exercise no such power and grant no such relief." Boyer v. Western Union Telegraph Co. (C. C.) 124 Fed. 246, 249. See, also, Shubert v. Woodward, 167 Fed. 47, 59, 92 C. C. A. 509; H. W. Gossard Co. v. Crosby, 132 Iowa, 155, 109 N. W. 483, 6 L. R. A. (N. S.) 1115, and note.

Since we could not compel Roller to perform that part of the contract we are not permitted to direct a specific performance of Weigle's part, for the remedy must be mutual. This is a fundamental principle of specific performance. In Lipscomb v. Watrous, 3 App. D. C. 1, 7, this court said that in cases of specific performance "the familiar principle applies that a court of equity will never decree a specific performance where the remedy is not mutual. * * *" "The remedy," says the Supreme Court of California, "must be mutual as well as the obligation, and where the contract is of such a nature that it cannot be specifically enforced as to one of the parties, equity will not enforce it against the other." Cooper v. Pena, 21 Cal. 404, 411. See, also, Deitz v. Stephenson, 51 Or. 597, 606, 95 Pac. 803; Pantages v. Grauman et al., supra; Marble Co. v. Ripley, supra.

Roller alleges that he "has ever been, and still is, and now tenders himself, ready and willing to perform every agreement and undertaking on his part to be performed." But a tender of performance is not enough. Of course, where a person has performed the personal services required of him, and the other party refuses to discharge his obligations under the contract, the rule is different. But a "mere offer to perform or tender of performance of personal services, the performance of which could not be compelled in equity," is not "sufficient to relieve the case of the lack of mutuality as to remedy." Deitz v. Stephenson, supra.

[5] With respect to appellant's prayer for an accounting, it cannot be granted. He asks only for such damages as he might be entitled to because of having been deprived of his salary under the agreement. This of itself does not give equity jurisdiction on the ground that an accounting is necessary. An action for damages on the law side of the court would furnish him an ample remedy for any loss which he has sustained. United States v. Bitter Root Co., 200 U. S. 451, 478, 26 Sup. Ct. 318, 50 L. Ed. 550. Moreover, the prayer for an accounting presupposes the existence of a contract which equity will specifically perform, but since we cannot grant that relief there is no basis for an accounting.

Even if the contract was otherwise enforceable in a suit of this character, it may well be doubted that a decree of specific performance could be entered in the absence of Schumacher, one of the parties to the contract. He was to purchase some of the stock, and be a member of the board of directors and vice president of the corporation. To compel Weigle to perform his part, without also requiring Schumacher to do what the contract required of him, would have the effect of making a new contract, to which Weigle and Roller only would be parties; but as the point was not pressed we do not decide it.

By holding, as we must, that the decree of the lower court should be affirmed, it does not mean that the appellant is without remedy. If his rights have been ignored, the doors of the law court are still open to him, where he may prosecute an action for damages.

The decree is affirmed, with costs.

Affirmed.