■ FORDHAM PARADISE, LLC, et al., Appellants, v ABI PROPERTY PARTNERS, LP XXVI, Respondent. [763 NYS2d 547] —Order, Supreme Court, Bronx County (Paul Victor, J.), entered January 7, 2003, which, in a declaratory judgment action involving the exercise of an option to purchase real property, denied plaintiffs' motion for partial summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

Although plaintiff Paradise, the former tenant of the subject premises, apparently made considerable expenditures in improving the premises, it defaulted on its rent, was evicted from the premises and presently has no legal interest therein. Under the so-ordered stipulation that terminated the eviction proceeding, Paradise's coplaintiff, assignee and apparent alter ego, plaintiff Fordham, was given an option to purchase the premises, which it failed to exercise. Fordham now seeks to exercise the expired option. Although equity will intervene to relieve a tenant or mortgagor who, due to inadvertence or neglect, fails to timely exercise an option if the default will cause it to suffer a substantial forfeiture and there is no prejudice to the landlord or seller (*see J. N. A. Realty Corp. v Cross Bay*

*Chelsea,* 42 NY2d 392, 397-398 [1977]; *Dan's Supreme Super-markets v Redmont Realty Co.,* 240 AD2d 460 [1997], *lv denied* 91 NY2d 806 [1998]), Fordham is neither a tenant nor a mortgagor of the premises and it has made no investment therein. It is simply a potential purchaser which defaulted in exercising an option to purchase because, after paying for two extensions of time, it was unable to raise the purchase money by the last day permitted under a time-of-the-essence contract. Thus, the failure to exercise the option was hardly inadvertent or technical. Defendant did not breach the option agreement by negotiating with other prospective purchasers during the option period, and, having made a good faith commitment to sell the property to another buyer after Fordham's default, would be prejudiced were Fordham now allowed to exercise the option (*see J. N. A. Realty Corp.,* 42 NY2d at 400; *Dan's Supreme Supermarkets,* 240 AD2d at 461). The motion court correctly held that no genuine issues of fact were raised as to whether defendant denied plaintiffs' prospective lenders access to the premises, or otherwise breached the covenant of good faith and fair dealing. We have considered and rejected plaintiffs' other arguments. Concur—Buckley, P.J., Tom, Sullivan and Marlow, JJ.