OPINION OF THE COURT
Per Curiam.
Final judgment, entered on or about May 29, 2012, reversed, with $30 costs, and final judgment awarded to landlord upon its cause of action for possession. Execution of the warrant of eviction shall be stayed for 30 days from service of a copy of this order with notice of entry.
Although equity will intervene to relieve a tenant who, due to inadvertence or neglect, fails to timely exercise a renewal option if the default will cause it to suffer a substantial forfeiture and there is no prejudice to the landlord (see J.N.A. Realty Corp. v Cross Bay Chelsea, 42 NY2d 392, 397-398 [1977]), the undisputed record evidence herein shows that the tenant’s default in exercising its option to renew the parties’ 2009 commercial lease agreement was hardly inadvertent or technical, but resulted from its apparent inability to afford the rental amount specified in the lease option provision or to successfully renegotiate the rental terms of the option. Notably, the relief now sought by tenant is not the enforcement of the renewal option clause as written, but instead some form of equitable pronouncement that it effectively renewed the lease, but only on terms “subject to” and to be determined upon “additional litigation.” In other words, tenant wants to have its proverbial cake and eat it, too, by seeking hybrid relief that is both untenable in logic and reason and, in the situation here present, unrecognized in law or equity (compare Mutual Life Ins. Co. of N.Y. v Stephens, 214 NY 488, 495-496 [1915]). In these circumstances, and in the absence of any showing that it was “objectively impossible” for tenant to exercise the renewal option (see Kel Kim Corp. v Central Mkts., 70 NY2d 900, 902 [1987]) or that landlord breached the covenant of good faith and fair dealing during the parties’ failed attempts to negotiate a mutually agreeable lease modification (see Fordham Paradise v ABI Prop. Partners, 306 *53 AD2d 178 [2003]), equitable relief analogous to that in J.N.A. Realty (42 NY2d 392) is not warranted. Exercising our authority to review the record developed at trial and render the judgment warranted by the facts (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]), we reverse and award landlord the possessory judgment sought in the holdover petition.
Lowe, III, P.J., Schoenfeld and Hunter, Jr., JJ., concur.